THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK v. WILLIAM J. WILLIAMS and THOMPSON PRICE.

The ordinance of the common council of the city of New York, passed September 6, 1850, requiring, under a penalty, the enclosure of hoistways in stores and buildings, is a valid and reasonable regulation, and its adoption is within the chartered powers of the corporation.

The ordinance in question is not an infringement of private rights of property;

Nor a violation of the fifth article of the amendments to the constitution of the United States;

Nor of the seventh section of the first article of the constitution of the state of New York.

THE questions in this cause arose upon a demurrer to the complaint, and involved the validity of the following ordinance, passed by the common council of the city of New York, September 6, 1850:

"The owner or occupant of each and every store or other building in the city of New York, in which there is a hoistway, shall cause the said hoistway, on each story of said store or other building, to be forthwith enclosed by a good and sufficient railing around the opening thereof, and provide for the closing of such opening by a trap door; and each owner or occupant of any such building or store shall cause said railing to be securely fastened up, and said trap door to be closed on the completion of the business of each day, in such store or building; and for every violation of the provisions

of this ordinance, or any of them, the owner or owners, occupant or occupants of any such store or building, shall be liable to a penalty of fifty dollars for each and every offence."

The defendants being charged by the complaint with violating the ordinance in question, objected that its passage was not within the powers of the common council, and was in violation of the federal and state constitutions.

Judgment in the plaintiffs' favor was taken upon the demurrer, at special term, *pro forma*, with liberty to the defendants to appeal, without security.

*Jeremiah Larocque*, for the defendants, cited 12 Wheat. 446; 9 id. 205; 5 How. U. S. R. 504; 7 id. 203; 11 Peters, 139; U. S. Cons. Amendts. art. 5; N. Y. State Cons. art. 1, § 7.

*John D. MacGregor* and *John B. Haskin*, for the plaintiffs, cited *Commonwealth* v. *Blakington*, 24 Pick. 352; *Same* v. *Kimball*, 24 id. 359; *The State* v. *Muse*, 4 Dev. & Batt. 319; *Ingersoll* v. *Spaurin*, 1 Denio, 540; *Markle* v. *Akron*, 14 Ohio, 586; *The Mayor* v. *Ordrenan*, 12 J. R. 122; 1 Hill, 469, 470; *Paxson* v. *Sweet*, 1 Green. 196; *The Mayor* v. *Nash*, Opinion of Woodruff, J.; *Vanderbilt* v. *Adams*, 7 Cow. 349; *Stuyvesant* v. *The Mayor*, 7 Cow. 585; 1 Green. 196.

By THE COURT. DALY, J.—By the Montgomery charter the common council were authorized to make and ordain such law, statutes or ordinances as to them, or the greater part of them, should seem to be good, useful or necessary for the good rule and government of the body corporate, provided they were not repugnant to the laws of the province or to the laws of England. (Kent's charter, 93.)

Under this very general power the ordinance in question was passed, which provides that the owner or occupant of any store or building in which there is a hoistway, shall er-

close it with a good and sufficient railing around the opening, to be securely fastened, and provide a trap door for the closing of the opening, which shall be closed upon the completion of the business of each day.

There is nothing in this ordinance depriving the citizen of the free and full enjoyment of his property. It is simply a public regulation, useful and necessary for the protection of the persons or lives of those upon whom the duty is imposed of entering buildings in the case of fire, for the purpose of extinguishing it. It merely imposes upon the owners or occupants of buildings the duty of so constructing them, or of keeping them in such a condition that those who shall have occasion to enter them in time of fire shall be exposed to no unnecessary risk or peril. Instead of interfering with the rights of property, or impairing the use and enjoyment of it, it is a regulation for the protection and preservation of the property of every citizen. A man may be unwilling so to construct his building, or to keep it in such a state as to render it impossible to adopt the most efficacious means for its preservation in case of fire. He may be indifferent as to its preservation, or be content to take the chance of its destruction; but the consequence of his so doing, in a compactly built city, may not be visited upon him alone, but lead to a conflagration involving in destruction the buildings of his neighbors contiguous or adjoining. Any public regulation, therefore, designed as a precautionary measure against accident during fire to those engaged in the performance of a public duty, which facilitates the discharge of that duty by rendering less hazardous its performance, is a regulation for the public benefit. Such is the nature of this ordinance; it imposes common duties upon all, for the security and safety of the property of each, and, as a municipal regulation, is both useful and necessary. The statutes of the state which regulate the structure of buildings in this city, the materials of which they shall be composed, the due separation of beams, the thickness of walls, &c., (Law of 1830, p. 343,) are public regulations of the same general character

as this ordinance; and of the power of the corporation to pass such an ordinance, and to enforce it by the imposition of pecuniary penalties, in case of its violation, I entertain no doubt.

Judgment overruling the demurrer affirmed.